## THE SUCESION AS HEIRS OF FRANCISCO DE LOS REYES CORREA, Plffs.,

*v.*

## WILLIAM P. KRAMER, Dft.

San Juan, Law, No. 1652.

Opinion filed April 14, 1924.

*Hon. Willis Sweet* for plaintiffs.

376

*Mr. John L. Gay,* United States District Attorney, for defendant.

ODLIN, Judge, delivered the following opinion:

On March 25, 1924, this court signed an order and rendered an opinion in this case to the effect that the petition originally filed on behalf of the defendant to remove this case from the Insular district court to the United States district court was fatally defective, but that in accordance with the provisions found in § 274 (c) of the Judicial Code the defendant should be allowed a reasonable time to amend his petition for removal; and on April 2, 1924, an amendment was filed in the office of the clerk of this court, which was followed by the presentation to this court on April 7, 1924, by the attorney for the plaintiffs of a renewal of his motion to remand. In this renewal of the motion to remand there are set forth various grounds based upon matters which are found only in the original petition for removal of the cause. The court considers the original petition for removal of the cause as dead, and that the only petition for removal now properly before this court is the one filed on April 2, 1924, in which it is specifically alleged that the defendant William P. Kramer was at the time of the commencement of the suit still a citizen of the state of Pennsylvania, domiciled in the state of Pennsylvania and not domiciled in Porto Rico. It is conceded that all of the plaintiffs have their domicils in Porto Rico, and that the amount involved in this controversy is much greater than $3,000, exclusive of interest and costs. Therefore, it is clear that the amended petition for removal

sets forth the exact matter required by the statutes of Congress to justify the removal.

In the renewal of the motion to remand, however, the final paragraph, being No. 9, contains an averment that the defendant Kramer has for some time past been exercising the functions of a citizen of Porto Rico domiciled therein, such as serving on the grand and petit juries of this court. There, therefore, arises a question of fact upon the papers now before me touching this matter, because, as the case now stands, if all the parties to this litigation are domiciled in Porto Rico, no showing is made justifying the transfer of the case from the Insular court to this Federal court. But, it being conceded that all the plaintiffs are domiciled in Porto Rico, and there being a dispute as to whether the defendant Kramer is or is not domiciled in Porto Rico, it is of course necessary that this vital question be determined.

If the parties consent, the question may be submitted to this court either by oral testimony or by affidavits, and if counsel cannot agree upon a date the court will fix a date. It being, however, largely a question of fact as to whether Kramer was or was not domiciled in Porto Rico at the time of the institution of this present litigation, the same may be submitted to a jury, if either counsel so desires.

To this order and opinion attorney for the plaintiffs and attorney for the defendants both except.

Done and Ordered in open court at San Juan, Porto Rico, this 14th day of April, 1924.